Chester Otto HENRIKSEN,
Plaintiff-Appellant,

v.

The Honorable Judge Vernon G. BENT-
LEY, of the Second Judicial Circuit, and
Phil Krahn, Clerk of the Court, Second
Judicial District In and For the State of
Wyoming, Defendants-Appellees.

No. 79–2143.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Feb. 19, 1981.

Decided March 26, 1981.

Before BARRETT, DOYLE and LOGAN, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

Chester Otto Henriksen, a Wyoming state prisoner, seeks review of the dismissal of his cause of action brought pursuant to 42 U.S.C. § 1983, against a state district court judge and clerk, both of the Second Judicial District Court in Albany County, Wyoming.

In his complaint, Henriksen alleged that he mailed a certified letter, containing "legal mail" to the state district court clerk's office. This letter was received by the post office and the post office apparently twice notified the clerk's office of the letter. However, the clerk's office failed to pick up the letter and it was subsequently returned to Henriksen. Henriksen then commenced this § 1983 action in the federal district court, claiming that he had been denied access to the courts and seeking damages and equitable relief.

The district court granted Henriksen's motion to proceed in forma pauperis, and ordered that the complaint be filed. The court then summarily dismissed the cause of action on the ground that the defendants-appellees enjoyed absolute judicial immunity, and upon the further ground that the action was frivolous and devoid of merit.

Henriksen has argued in this court that prisoners have a recognized constitutional right of access to the courts, and that his complaint therefore had merit. He maintains that immunity is a defense which must be raised by the defendants in the first instance.

I.

Summary dismissal is appropriate under certain circumstances. 28 U.S.C. § 1915(d). When a motion to proceed in forma pauperis is filed and the poverty affidavit is facially sufficient, the complaint should be filed. *Phillips v. Carey*, 638 F.2d 207 (10th Cir., 1981); *Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972), *cert. denied*, 410

Leonard D. Munker, Federal Public Defender, Wichita, Kan., for plaintiff-appellant.

Allen C. Johnson, Senior Asst. Atty. Gen., Cheyenne, Wyo., for defendants-appellees.

U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 692 (1973). The complaint is then tested under 28 U.S.C. § 1915(d), and if found to be frivolous, improper or obviously without merit, the case is subject to dismissal. *See Phillips v. Carey, supra* at 208 and cases cited therein. This court has made clear in numerous cases that a trial court need not require service of the complaint and filing of an answer in cases of this type where on the face of the complaint it clearly appears that the action is frivolous or malicious.

■ The test to be applied in determining whether an in forma pauperis complaint is frivolous has been clearly stated by this court in numerous cases. *E. g., Phillips v. Carey, supra; Smart v. Villar,* 547 F.2d 112 (10th Cir. 1976). Such a complaint is frivolous if the plaintiff cannot make a rational argument on the law or the facts to support his claim.

■ So tested, dismissal of Henriksen's complaint against the state district court judge was appropriate. The complaint premises the liability of the judge on the allegation that the judge "is responsible for the acts committed by the clerk." [R. 3]. The law is clear that liability under 42 U.S.C. § 1983 may not be premised on the doctrine of respondeat superior. *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Bennett v. Passic,* 545 F.2d 1260 (10th Cir. 1976); *Kite v. Kelley,* 546 F.2d 334 (10th Cir. 1976). An isolated instance of violation of constitutional rights by a subordinate is incapable of rising to an issue regarding the liability of a superior under § 1983. *McClelland v. Facteau,* 610 F.2d 693 (10th Cir. 1979). Henriksen's complaint contains no allegation which has any tendency to support his contention that the judge is liable under § 1983.

Accordingly, the complaint is without merit as to the judge. It was properly dismissed.

In light of the result reached above, we need not decide whether absolute judicial immunity also supports dismissal of Henriksen's cause of action against the judge. *See Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). Nor need we decide whether judicial immunity insulates state judges from injunctive and declaratory relief as well as monetary relief under § 1983—an issue which was recently left open by the Supreme Court. *Supreme Court of Virginia v. Consumers Union of the United States, Inc.,* 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980).

## II.

■ The district court also concluded that the complaint against the state court clerk was frivolous under 28 U.S.C. § 1915(d); that a clerk enjoys the same absolute immunity from suit as does a judge. In light of the stage at which the action was dismissed, the allegations in Henriksen's complaint must be accepted as true. Viewed in this light, we cannot say that no rational argument on the law or the facts can be made to support the allegations of the complaint.

■ Denial of access to the courts violates a recognized constitutional right, and conceivably could be the basis of a suit pursuant to 42 U.S.C. § 1983. *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Silver v. Cormier,* 529 F.2d 161 (10th Cir. 1976). Thus, actions which prevent an individual from communicating with a court could constitute denial of access to the court.[1]

■ This court has not previously addressed the appropriate type of immunity to be afforded to a clerk of a court. However, the considerations which underlie grants of immunity have been stated in several Supreme Court cases. At the outset, it should be noted that immunity is a judicially developed limitation on the protection estab-

---

1. The precise nature of the "legal mail" involved in this case is not clear. The contents of Henriksen's letter may have a bearing on his claim that he was denied access to the courts. *See Collins v. Cundy,* 603 F.2d 825 (10th Cir. 1979). However, the allegation of interference with "legal mail" is sufficient to prevent dismissal under 28 U.S.C. § 1915(d).

lished by Congress in 42 U.S.C. § 1983. § 1983 provides:

> *Every person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other property proceeding for redress. (emphasis added)

The doctrine of official immunity from § 1983 is based on two mutually dependent rationales:

> (1) the injustice, particularly in the absence of bad faith, of subjecting to liability an officer who is required, by the legal obligations of his position, to exercise discretion;
>
> (2) the danger that the threat of such liability would deter his willingness to execute his office with the decisiveness and the judgment required by the public good. *Butz v. Economou*, 438 U.S. 478, 497, 98 S.Ct. 2894, 2906, 57 L.Ed.2d 895 (1978), quoting *Scheuer v. Rhodes*, 416 U.S. 232, 240, 94 S.Ct. 1683, 1688, 40 L.Ed.2d 90 (1974).

Absolute immunity has been granted sparingly and only in those cases where the public interest in unfettered decision-making outweighs the individual interest in redress pursuant to § 1983.

■ Judges are absolutely immune from civil liability for judicial acts, unless committed in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). "(I)t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequence to himself." *Bradley v. Fisher*, 13 Wall 335, 347, 80 U.S. 335, 347, 20 L.Ed. 646 (1872). The same rationale has been invoked to extend absolute immunity to prosecutors from liability for decisions to initiate and prosecute cases. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

Although the absolute immunity of judges has limits we need not discuss these limits beyond saying that the immunity does not extend to acts which are outside the jurisdiction of the judge. *Stump v. Sparkman, supra* at 362, 98 S.Ct. at 1107. The court in *Supreme Court of Virginia v. Consumers Union of the United States, supra*, suggests that immunity from liability in damages may not bar prospective relief, injunction, for example, against a judge.

■ Immunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aide of the judge is involved. *Dennis v. Sparks, —— U.S. ——,* 101 S.Ct. 183, 66 L.Ed.2d 185 (1980); *see also Gravel v. United States,* 408 U.S. 606, 92 S.Ct. 2614, 33 L.Ed.2d 583 (1972). Thus, clerks of courts have been ruled immune to suit under § 1983 when performing "quasi-judicial" duties. *E. g., Smith v. Rosenbaum,* 460 F.2d 1019 (3rd Cir. 1972) (setting bail pursuant to statute); *Denman v. Leedy,* 479 F.2d 1097 (6th Cir. 1973). Other courts have held that absolute immunity applies where a court clerk is acting under the command of a court decree or explicit instructions from a judge. *Williams v. Wood,* 612 F.2d 982 (5th Cir. 1980); *Slotnick v. Garfinkle,* 632 F.2d 163 (1st Cir. 1980).

In most of the cases in which the immunity of various types of public officials has been considered, the Supreme Court has concluded that only a limited or qualified immunity is appropriate. *E. g., Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967) (police officers); *Wood v. Strickland,* 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975) (school board members); *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). In each case, it is necessary to weigh the nature of the activity involved and the need for unfettered exercise of discretion against the individual in-

terest in protection under § 1983. *C. f., G. M. Leasing Corp. v. United States*, 560 F.2d 1011 (10th Cir. 1977).

 The precise scope of the immunity, if any, that should be afforded to a clerk of court can only be determined on a more developed factual record. However, the courts which have considered the question have concluded that clerks are generally entitled to qualified immunity. In *McLallen v. Henderson*, 492 F.2d 1298 (8th Cir. 1974), the court states that a clerk is entitled to immunity from damages where he "can show that he was acting pursuant to his lawful authority and following in good faith the instructions or rules of the court and was not in derogation of those instructions or rules." 492 F.2d at 1300. *See also Williams v. Wood, supra* (qualified immunity for entry of order and notification of parties). In *McCray v. State of Maryland*, 456 F.2d 1 (4th Cir. 1972), the plaintiff prisoner alleged that the negligence of a state court clerk had impeded the filing of a petition for post-conviction review. The court view was that the filing of papers is ministerial and non-discretionary. This precluded a grant of absolute immunity. Finally, even if a clerk is immune from damages for the discharge of certain functions, equitable relief may still be obtained under § 1983. *Shipp v. Todd*, 568 F.2d 133 (9th Cir. 1978).

Where a public official has or may have a defense based on qualified immunity, the burden is on the official to raise the defense and establish his entitlement to immunity. *Gomez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). This is not to say that in every case in which qualified immunity is an issue, a trial on the merits is necessary. Summary disposition consistent with the Federal Rules of Procedure may be appropriate. *See Butz v. Economou, supra* at 508. However, dismissal of the complaint pursuant to 28 U.S.C. § 1915 is not appropriate in such cases.

In the present case the district court allowed the complaint to be filed but quickly dismissed it without hearing. An answer should have been ordered following the issuance and service of process. Further proceedings would depend on the form and scope of the answer.

For the reasons set forth above, the judgment of the district court is affirmed in part, reversed in part and remanded for further proceedings in accordance with this opinion.