**Susan J. FRIEDMAN and Philip Skehan, Plaintiffs,**

v.

**Norman WEINER et al., Defendants.**

**Civ. A. No. 80–K–343.**

United States District Court, D. Colorado.

June 3, 1981.

Leslie M. Lawson, Brenda Taylor, Feiger & Lawson, Denver, Colo., for plaintiffs.

George D. Dikeou, Asst. Atty. Gen., University of Colorado, Health Sciences Center, Denver, Colo., for defendants.

## ORDER

KANE, District Judge.

This case is before the court on defendants' motion to dismiss. Plaintiffs Friedman and Skehan brought actions pursuant to 42 U.S.C. § 1983, alleging unlawful employment policies, practices and acts. Plaintiff Friedman, in addition, seeks relief pursuant to Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e et seq. (hereinafter, "Title VII"), and the Equal Pay Act of 1963, 29 U.S.C. § 206(d) (hereinafter, "Equal Pay Act").

### I. TITLE VII CLAIMS

The defendants move to dismiss the Title VII claims as to all defendants not formally charged in plaintiff Friedman's EEOC complaint, alleging lack of subject matter juris-

diction. Although 42 U.S.C. § 2000e–5(f)(1) provides that the aggrieved party may bring a civil action "against the respondent named in the charge . . ." and timely filing of discrimination with the EEOC is a jurisdictional requirement, *Alexander v. Gardner-Denver*, 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974), the Tenth Circuit has recently joined other courts in holding that "omission of a party's name from the EEOC charge does not automatically mandate dismissal of a subsequent action under Title VII." *Romero v. Union Pac. R. R.*, 615 F.2d 1303, 1311 (10th Cir. 1980).

The court in *Romero* noted that complaints to the EEOC must be liberally construed in order to accomplish the purposes of the Act, since the complaints are written by laymen not versed either in the technicalities of pleading or the jurisdictional requirements of the Act. In light of the standards announced in *Romero*, the plaintiff Friedman has sufficiently pled a nexus between the defendants and the alleged discriminatory events. All of the defendants are associated in some way with the University of Colorado. None are separate entities. *See Bowe v. Colgate-Palmolive Co.*, 416 F.2d 711 (7th Cir. 1968). The motion to dismiss is denied.

### II. 42 U.S.C. § 1983 CLAIMS

Defendants invoke the Eleventh Amendment in moving to dismiss all claims based on 42 U.S.C. § 1983. It is settled law, however, that state officials may be sued for prospective injunctive relief in federal court notwithstanding the Eleventh Amendment. *Quern v. Jordan*, 440 U.S. 332, 338, 99 S.Ct. 1139, 1144, 59 L.Ed.2d 358 (1979); *Edelman v. Jordan*, 415 U.S. 651, 667–668, 94 S.Ct. 1347, 1357–1358, 39 L.Ed.2d 662 (1974); *Hansbury v. Regents of Univ. of Cal.*, 596 F.2d 944, 949 n.16 (10th Cir. 1979). Plaintiffs' complaint seeks, among other remedies, injunctive relief. Defendants' motion to dismiss is denied as to the individual defendants.

The issue of whether a state agency may be sued directly in federal court for pro-

spective injunctive relief or retroactive monetary relief under § 1983 turns on the following factual and legal determinations. Of course, the threshold question is whether the entities are *in fact* arms of the state, that is, whether a liability imposed against the entities must of necessity be paid from public funds in the state treasury. *Quern v. Jordan*, 440 U.S. 332, 338, 99 S.Ct. 1139, 1144, 59 L.Ed.2d 358 (1979); *Edelman v. Jordan*, 415 U.S. at 663, 94 S.Ct. at 1355; *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

If the answer to the threshold question is in the affirmative such that the defendants University and Regents partake of the state's Eleventh Amendment immunity, the issue turns on whether congress intended a state to be a "person" for purposes of § 1983; if so, congress has abrogated the immunity. *See Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). The Supreme Court in *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979), indicated in dicta that a state is not a "person" under § 1983. But without a definitive ruling from the court, it is an open question whether states can be sued for relief regardless of the Eleventh Amendment. *See Hutto v. Finney*, 437 U.S. 678, 703, 98 S.Ct. 2565, 2580, 57 L.Ed.2d 522 (1978) (Brennan, J., concurring). The unresolved factual and legal issues in combination with the current state of flux of the law justifies the continued prosecution of the suit against the defendants University of Colorado and the Regents of the University of Colorado.

Defendants move to dismiss § 1983 claims for the following additional reasons: § 1983 liability may not be grounded on a theory of respondeat superior as to defendants University and Regents; good faith official immunity applies to the individual defendants; and, the amended complaint fails to state a claim upon which relief can be granted as to defendants Schwarz, Ward, Paton and Cowee.

▮ Liability under 42 U.S.C. § 1983 may not be premised on the doctrine of respondeat superior. *Monell v. Dept. of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Henriksen v. Bentley*, 644 F.2d 852, at 854 (10th Cir. 1981). An isolated instance of violation of constitutional rights by a subordinate is incapable of rising to an issue regarding the liability of a superior under § 1983. *Id. McClelland v. Facteau*, 610 F.2d 693 (10th Cir. 1979). Plaintiffs' amended complaint regarding defendants University and Regents bases liability *directly* on alleged unlawful employment practices and policies, and not on the doctrine of respondeat superior or the theory of an isolated instance. The motion to dismiss is denied.

▮ The individual defendants argue that they are each entitled to Eleventh Amendment and official immunity. As mentioned above, it has not yet been determined whether Eleventh Amendment immunity attaches to the University or its Regents. At this juncture defendants' motion to dismiss based on Eleventh Amendment immunity is denied without prejudice.

▮ Common law official immunity is a judicially developed limitation on the civil rights protection established by congress in 42 U.S.C. § 1983. *Henriksen v. Bentley*, 644 F.2d at 854. There are two types of immunity. Absolute immunity has been applied to officials who participate in judicial and quasi-judicial proceedings, so long as the actions were within the scope of the immunity. *See Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Imbler v. Patchman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Qualified immunity has been applied in certain limited circumstances to other public officials for acts done on the basis of an objectively reasonable belief that those acts were lawful. *See Procunier v. Navarette*, 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978) (prison officials); *O'Connor v. Donaldson*, 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975) (superintendent of state hospital); *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975)

(local school board members); *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (state governor and other executive officers); *Cf. Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980) (no qualified immunity for municipal officials).

■ A review of the cases suggests that the individual defendants, if entitled to any immunity, are entitled at most to qualified immunity. Where a public official has or may have a defense based on qualified immunity, the burden is on the defendant to raise the defense and establish his entitlement to immunity. *Gomez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Henriksen v. Bentley*, 644 F.2d at 856. As a defense, qualified immunity is not a proper ground for a motion to dismiss. The motion is denied.

■ Defendants Schwarz, Ward, Paton and Cowee move to dismiss the amended complaint because it fails to state a claim upon which relief can be granted. An action must not be dismissed unless it clearly appears that the complainant can prove no set of facts in support of her claim which would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Kennedy v. Meacham*, 540 F.2d 1057 (10th Cir. 1976). While personal participation in the denial of a plaintiff's constitutional right is a prerequisite to the establishment of liability under § 1983, *see Bennett v. Passic*, 545 F.2d 1260 (10th Cir. 1976), the determination of the degree of participation is a matter for proof at trial. Plaintiffs have sufficiently stated the defendants' responsibilities and duties as well as their personal participation in the alleged unlawful acts. The motion to dismiss is denied.

Defendants University and Regents move to dismiss all claims based directly on the First and Fourteenth Amendments. Plaintiffs, in their memorandum brief in response to defendants' motion to dismiss admit that they are not asserting a direct constitutional claim; rather, plaintiffs are merely indicating the sections of the United States Constitution which provide the sub-stantive rights for an action under 42 U.S.C. § 1983.

## III. EQUAL PAY ACT CLAIMS

Defendant Regents moves to dismiss the claims based on the Equal Pay Act, 29 U.S.C. § 206(d), by arguing first, that the Eleventh Amendment bars suit in federal court and second, that plaintiff, as a professional employee, is not covered by the Act. Both arguments are without merit.

Defendant relies on *Employees of Dept. of Pub. Health v. Missouri*, 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973), for its Eleventh Amendment immunity claim. The *Employees* court held that although the amendments to the Fair Labor Standards Act in 1966 extended statutory coverage to state employees, the legislative history discloses no congressional intent to deprive a state of its constitutional immunity to suit in a federal forum by its employees, particularly since congress made no change in § 16(b), which makes no reference to suits by employees against the state. Section 16(b) provides for private enforcement of the Act, a part of which is the Equal Pay Act.

■ Even assuming that Eleventh Amendment immunity attaches to the regents, congress has expressly abrogated the immunity by amending § 16(b) in order to overcome the objections of the *Employees* court. Fair Labor Standards Amendments of 1974, Pub.L.No.93–259, 88 Stat. 55. Section 16(b) now provides in pertinent part:

An action to recover liability . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees. . . .

29 U.S.C. § 216(b). The legislative history states:

Section 16(b) of the Act is amended to make it clear that suits by public employees to recover unpaid wages and liquidated damages under such section may be maintained in a Federal or State court of competent jurisdiction. This amendment is intended to overcome that part of the

decision of the Supreme Court in *Employees of Dept. of Public Health v. Missouri*, 411 U.S. 279 [93 S.Ct. 1614, 36 L.Ed.2d 251] (1973), which stated that Congress had not explicitly provided in enacting the 1966 amendments that newly covered State and local employees could bring an action in a federal or state court under section 16.

H.R.No.913, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Ad.News, at 2811, 2853.

The *Employees* court recognized in 1973 that under the Commerce Clause congress had constitutional authority to deprive a state of its constitutional immunity; the court, however, found that congress had not exercised its authority. Congress acted affirmatively in 1974. Equal Pay Act claims may be brought constitutionally in federal court irrespective of the Eleventh Amendment. *Employees of Dept. of Pub. Health v. Missouri*, 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973).[1]

Defendant's contention that plaintiff Friedman is exempt from coverage of the Equal Pay Act ignores congressional amendment of the Act. Title IX of the Education Amendments Act of 1972, Pub.L. No.92–318, 86 Stat. 235 at 375, effective July 1, 1972, established that exemptions to the equal pay provisions of the Fair Labor Standards Act no longer apply to professional employees. 29 U.S.C. § 213(a). Therefore, it is

ORDERED that the motion to dismiss be and hereby is denied. It is further

ORDERED that the defendants shall answer the amended complaint within twenty days from the date hereof.

---

**1.** The circuits addressing the issue have upheld the constitutionality of federal Equal Pay Act suits against states regardless of the Tenth Amendment as well, relying either on the Commerce Clause, *see Pearce v. Wichita Cty, City of Wichita Falls, Texas, Hosp. Bd.*, 590 F.2d 128 (5th Cir. 1979); *Marshall v. City of Sheboygan*, 577 F.2d 1 (7th Cir. 1978); or on section 5 of the Fourteenth Amendment, *see Usery v. Allegheny County Inst. Dist.*, 544 F.2d 148 (3d Cir. 1976), *cert. denied*, 430 U.S. 946, 97 S.Ct. 1582, 51 L.Ed.2d 793 (1977); *Usery v. Charleston County School Dist.*, 558 F.2d 1169 (4th Cir. 1977); *Marshall v. Owensboro-Davies County Hosp.*, 581 F.2d 116 (6th Cir. 1978).