Henry L. McCONE, Plaintiff-Appellant,

v.

HOLIDAY INN CONVENTION CENTER, Defendant-Appellee.

No. 86–1185.

United States Court of Appeals, Tenth Circuit.

July 22, 1986.

Henry L. McCone, pro se.

Before McKAY, SETH, and TACHA, Circuit Judges.

PER CURIAM.

In accordance with 10th Cir.R. 9(e) and Fed.R.App.P. 34(a), this appeal came on for

consideration on the briefs and record on appeal.

This appeal is before us on the district court's denial of leave to commence this action in forma pauperis following our remand in *McCone v. Holiday Inn Convention Center*, No. 84–2077 (10th Cir. filed June 21, 1985), for further proceedings in light of *Hawkins v. Bounds*, 752 F.2d 500 (10th Cir.1985), and to furnish a statement of its reasons for dismissing plaintiff's employment discrimination action. We grant leave to appeal in forma pauperis. Once again we must reverse the district court and remand the matter for further proceedings.

After this case was remanded to the district court, the matter was ordered restored to the docket and the complaint originally tendered to the district court in July of 1984 (within ninety days of the issuance of the Equal Employment Opportunity Commission's right-to-sue letter) was filed. Defendant filed a motion to dismiss, or in the alternative to quash service; plaintiff filed a motion for summary judgment. Following a hearinq on these motions, plaintiff also filed a motion to disqualify the trial judge.

The trial judge, without ruling on the motion to disqualify, denied leave to commence the action in forma pauperis on the ground that "this is not a proper case to allow plaintiff to proceed without the payment of fees, costs, or for the appointment of an attorney." When plaintiff did not pay the filing fee, the court ordered the case closed.

When presented with a motion for leave to proceed in forma pauperis, the district court should first determine if the plaintiff satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a). If a finding of economic justification is made, the court should allow the complaint to be docketed without prepayment of fees. *Collins v. Hladky*, 603 F.2d 824 (10th Cir.1979); *Collins v. Cundy*, 603 F.2d 825 (10th Cir.1979).

Once leave has been granted, the district court may, under § 1915(d), dismiss the complaint, even prior to service of process, if it determines the complaint to be frivolous or malicious. *Henriksen v. Bentley*, 644 F.2d 852 (10th Cir.1981); *Phillips v. Carey*, 638 F.2d 207 (10th Cir.), cert. denied, 450 U.S. 985, 101 S.Ct. 1524, 67 L.Ed.2d 821 (1981); *Duhart v. Carlson*, 469 F.2d 471 (10th Cir.1972), cert. denied, 410 U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 692 (1973). *See also Potnick v. Eastern State Hospital*, 701 F.2d 243 (2d Cir.1983); *Anderson v. Coughlin*, 700 F.2d 37 (2d Cir. 1983); *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir.1981). The preferred practice for dismissal under § 1915(d) is to include a statement of reasons as well. *Collins v. Cundy, supra; Collins v. Hladky, supra; see also Crisafi v. Holland*, 655 F.2d 1305, 1310 (D.C.Cir.1981). Of course, the district court may consider in the same proceeding both whether the threshold requirements of § 1915(a) have been satisfied and whether the complaint is subject to dismissal under § 1915(d).

Here, the first prong of the § 1915(a) test, determination of pauper status, was never applied. *Henriksen, supra; Phillips, supra; Duhart, supra*. Further, § 1915(a) does not require a litigant to demonstrate absolute destitution. *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 69 S.Ct. 85, 93 L.Ed. 43 (1948); *Potnick, supra; see also In re Smith*, 600 F.2d 714 (8th Cir.1979). Since the district court has not ruled on the facial sufficiency of plaintiff's affidavit of poverty, we express no opinion on whether he meets the eligibility criteria under § 1915(a).

Because of the stage at which plaintiff's action was dismissed, we must accept the claims in the complaint as true. Viewed in this light, we cannot say that no rational arguments on the law or the facts can be made to support the allegations in the complaint. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Henriksen, supra* at 854; *Collins v. Cundy, supra; Collins v. Hladky, supra*.

The judgment of the United States District Court for the District of Wyoming is REVERSED and the cause REMANDED with instructions to reconsider plaintiff's

motion to commence his action in forma pauperis in accordance with the views expressed in this opinion. The judge is also directed to consider plaintiff's motion for disqualification.

The mandate shall issue forthwith.