961 F.2d 220
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert HUTCHCRAFT, Plaintiff-Appellant,
v.
Raymond ROBERTS; T. Thomas, Coi; R.A. Stupar; William L.
Cummings, Defendants-Appellees.
 No. 91-3285.
 United States Court of Appeals, Tenth Circuit.
 April 10, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Robert Hutchcraft, a pro se prisoner, brought this action under 42 U.S.C. § 1983 (1988) against various prison officials. Hutchcraft asserts violations of his rights to procedural due process and equal protection arising from defendants' refusal to allow him visits from his wife. He alleges that visitation was denied in connection with a disciplinary action, and attaches disciplinary regulations indicating that his privileges could not be restricted for more than 20 days. Complaint, attachment D. A June 13, 1991 memo attached to the complaint indicates visitations would be denied at least until Nov. 9, 1991, some six months after final disposition of his disciplinary proceeding. Id. attachment A2. The district court dismissed the action sua sponte under 28 U.S.C. § 1915(d) (1988), concluding that Hutchcraft's allegations are "conclusory, frivolous and do not rise to the level of violation of his constitutional rights." Rec., vol. I, at 4. We grant Hutchcraft's motion to proceed in forma pauperis and reverse.
 
 
 3
 This court has held that a sua sponte section 1915(d) dismissal is proper "when 'on the face of the complaint it clearly appears that the action is frivolous or malicious.' " Hall v. Bellmon, 935 F.2d 1106, 1108 (10th Cir.1991) (quoting Henriksen v. Bentley, 644 F.2d 852, 854 (10th Cir.1981)). "The term 'frivolous' refers to 'the inarguable legal conclusion' and 'the fanciful factual allegation.' " Id. (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)). However, section 1915(d) authorizes dismissal only if the legal theory is " 'indisputably meritless.' " Id. at 1109 (quoting Neitzke, 490 U.S. at 327). When " 'a plaintiff states an arguable claim for relief, dismissal for frivolousness under § 1915(d) is improper, even if the legal basis underlying the claim ultimately proves incorrect.' " Id. at 1109 (quoting McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir.1991)). Moreover, in evaluating the propriety of a section 1915(d) dismissal, "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Id. at 1110 & n. 3.
 
 
 4
 Upon examining Hutchcraft's complaint under the above standards, we conclude that the district court's sua sponte dismissal under section 1915(d) was improper. Hutchcraft alleges that he has a liberty interest in visits from his wife and that he was denied this interest without the requisite procedural due process. The Supreme Court has held that state law may create an enforceable liberty interest in visitation "by establishing 'substantive predicates' to govern official decision-making, and, further, by mandating the outcome to be reached upon a finding that the relevant criteria have been met." Kentucky Dep't of Corrections v. Thompson, 109 S.Ct. 1904, 1909 (1989) (citation omitted). As a result of the sua sponte dismissal below, the record before us is incomplete with respect to the reasons for defendants' denial of visitation, the nature of the regulations governing visitation, and the procedures, if any, accorded Hutchcraft with respect to the denial. Construing the complaint liberally in Hutchcraft's favor, we cannot say in light of Thompson that his procedural due process claim is indisputably meritless.
 
 
 5
 Hutchcraft also claims an equal protection violation arising from the denial of visitation. He asserts that defendants' actions were in retaliation for an earlier incident in which defendants were required to pay for injuries sustained by Hutchcraft's wife, who is apparently handicapped and who was injured in an accident while visiting the prison. Broadly construed, Hutchcraft's allegations can be characterized as asserting that he was treated differently than other similarly situated inmates with respect to visitation for an improper reason.
 
 
 6
 We conclude that Hutchcraft's alleged equal protection claim is not frivolous, even if it should subsequently be determined that he has no protected liberty interest in visitation. See O'Bar v. Pinion, 953 F.2d 74, 82 (4th Cir.1991). "Even in the absence of a fundamental right or a suspect classification, equal protection requires that a classification between similarly situated individuals bear some rational relationship to a legitimate state purpose." Brandon v. District of Columbia Bd. of Parole, 734 F.2d 56, 60 (D.C.Cir.1984), cert. denied, 469 U.S. 1127 (1985); see also Durso v. Rowe, 579 F.2d 1365, 1371-72 (7th Cir.1978), cert. denied, 439 U.S. 1121 (1979); Klein v. Pyle, 767 F.Supp. 215, 218 (D.Colo.1991). Hutchcraft asserts that his visitation was taken away for an impermissible retaliatory purpose rather than to further legitimate prison concerns. "Equal protection does require at the least, however, that the state act 'sensibly and in good faith.' " Brandon, 734 F.2d at 60 (quoting Logan v. Zimmerman Brush Co., 455 U.S. 422, 439 (1981) (Blackmun, J., concurring)). Accordingly, we can not say on this incomplete record that Hutchcraft's equal protection claim is indisputably meritless.
 
 
 7
 We grant Hutchcraft's motion to proceed in forma pauperis. We reverse the dismissal, and remand for further proceedings. The district court may, in its discretion, require a Martinez report "to develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims." Hall, 935 F.2d at 1109.
 
 
 8
 REVERSED and REMANDED for further proceedings. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3