991 F.2d 805
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 J.T. GARNER, Plaintiff-Appellant,
v.
Carol G. GREEN, Kansas Appellate Court Clerk, Defendant-Appellee.
 No. 92-3225.
 United States Court of Appeals, Tenth Circuit.
 April 13, 1993.
 
 Before McKAY, Chief Judge, and TACHA and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 J.T. Garner appeals an order of the United States District Court for the District of Kansas dismissing his claim under 42 U.S.C. § 1983 as frivolous pursuant to 28 U.S.C. § 1915(d). Garner sued Carol G. Green, Clerk of the Kansas Court of Appeals, alleging that she violated his constitutional right of access to the courts. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Mr. Garner is incarcerated in a Kansas state correctional facility for the murder of Frederick Iwert. The record indicates that Garner filed an appeal in the victim's probate case, Matter of the Estate of Frederick A.J. Iwert, a/k/a Fred Iwert, No. 91-66709-A. Garner alleged that the victim's brother, Waldemer Iwert, committed the murder and apparently sought to deny Waldemer any ill-gotten gains. The appeal was dismissed on November 14, 1991 for Garner's failure to file proper briefs. Garner did not appeal this decision in the Kansas courts.
 
 
 4
 Garner filed this pro se civil rights action against Ms. Green, alleging that, in her capacity as court clerk, she deprived him of his constitutional right of access to the courts by failing to (1) file certain of his documents, (2) respond to certain submitted documents, and (3) return file-stamped copies of other documents. The district court concluded that the court clerk enjoyed either absolute or qualified immunity and that, although the Kansas Court of Appeals did not respond to all of Garner's correspondence, it had afforded him sufficient access to the Kansas courts. The district court therefore dismissed Garner's civil rights complaint as frivolous under 28 U.S.C. § 1915(d). On appeal, Garner contends that dismissal was inappropriate because Green enjoyed no immunity for her "willful and deliberate" refusal to file his "vital documents."
 
 
 5
 We first examine our jurisdiction to hear this appeal. Federal Rule of Appellate Procedure 3(a) conditions federal appellate jurisdiction on the filing of a timely notice of appeal. See Fed.R.App.P. 3. Mr. Garner's notice of appeal in this case, filed during the pendency of his motion for reconsideration, was premature and did not confer jurisdiction on this court. See Wagoner v. Wagoner, 938 F.2d 1120, 1122 (10th Cir.1991) (notice of appeal filed during pendency of tolling motion a nullity and not saved by "ripening" principle). A document intended to serve as an appellate brief, however, is effective as a notice of appeal if it gives the notice required by Fed.R.App.P. 3 and is filed within the time specified by Fed.R.App.P. 4. Smith v. Barry, 112 S.Ct. 678, 682 (1992). Garner gave notice of appeal by filing his appellate brief within thirty days after the district court entered an order denying the motion for reconsideration and thereby satisfied these jurisdictional requirements.
 
 
 6
 We review a dismissal under § 1915(d) to determine whether the plaintiff either has advanced an "indisputably meritless legal theory" or has proffered "claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The Supreme Court specifically stated that claims against clearly immune parties are based on indisputably meritless legal theories. Id.
 
 
 7
 We first note that the bulk of Garner's claim against Green is precluded by the doctrine of absolute judicial immunity. See McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir.1991). Although the precise scope of court clerks' immunity is unsettled, see Valdez v. City and County of Denver, 878 F.2d 1285, 1287 n. 3 (10th Cir.1989), it is clear that their immunity extends to actions taken pursuant to court orders and judges' instructions, see id. at 1288-89; Henriksen v. Bentley, 644 F.2d 852, 855-56 (10th Cir.1981). In this case, Garner complains that Ms. Green denied his requests for file-stamped copies of his submitted documents and that dismissal of the appeal was inappropriate because his briefs were sufficient. First, pursuant to local rule, the Kansas Court of Appeals returns file-stamped copies only if the litigant provides stamped, self-addressed envelopes. It is undisputed that Green was not authorized to grant Garner's requests for file-stamped copies because Garner did not comply with that rule. Second, to the extent that Garner complains about Green entering an order dismissing the appeal based on the inadequate briefs, Green was simply implementing the court's disposition of the appeal. In both cases, Green's conduct was the product of judicial order or instruction, and she is thus absolutely immune for that conduct.
 
 
 8
 Garner's other complaints center on two documents allegedly submitted by Garner and returned unfiled and without explanation: (1) an October 19, 1991 "Motion for Clearer Statement"; and (2) an October 22, 1991 "Show Cause Order." Because the filing of documents is a ministerial act, the clerk is not absolutely immune from claims in that regard. See Henriksen, 644 F.2d at 856. With respect to these allegations, however, we affirm the dismissal not on immunity grounds but because we find no merit to the claim. We first note that Garner has not included in the record a copy of the allegedly unfiled and returned "Show Cause Order." Thus, we have no evidence that such a document actually exists. Garner does include a copy of the allegedly unfiled and returned "Motion for Clearer Statement" but fails to explain how Green's alleged failure to file this document prejudiced him. That motion merely requested the court to move forward with his previously submitted motion for a default judgment in his favor. Such a motion, however, presupposes a properly filed appeal. We fail to see how Garner's inadequate appeal was prejudiced by the clerk's alleged failure to file a duplicative document requesting unavailable relief.
 
 
 9
 The district court properly concluded that Garner's complaint was without legal merit. Petitioner's motion to proceed in forma pauperis and the certificate of probable cause are GRANTED. The order of the district court dismissing Garner's complaint is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3