**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 28, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

PAUL LEROY WICKHAM,

     Plaintiff - Appellant,

v.

CARL GIBSON, Judge; STATE OF
OKLAHOMA; NOWATA COUNTY;
TERRY DEAN WICKHAM; KENNY
FREEMAN; BEVERLY ELLEN
JOHNSON; TERRY ALLAN WICKHAN;
THAD AUSTIN WICKHAM; ANTHONY
TOWERS; R POPP; CURTIS BARNES;
BUD FROST; DOUG SONNENBERG;
LINDA WICKHAM,

     Defendants - Appellees.

No. 18-5112
(D.C. No. 4:18-CV-00449-JED-FHM)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. _See_ Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

Paul Wickham, proceeding pro se, appeals the district court's order dismissing his complaint.[1] For the reasons explained below, we affirm.

Wickham's complaint names 14 defendants, including a state-court judge; the State of Oklahoma; five of Wickham's family members (the Wickham defendants); Nowata County; County Sheriff Kenny Freeman; Deputies Anthony Towers and R. Popp; and Bud Frost, Doug Sonnenberg, and Curtis Barnes. Wickham alleges (1) "state[-]law claims of fraud or extortion, libel, slander, defamation, loss of affection, and emotional anguish," R. 80; (2) civil-rights claims under 28 U.S.C. § 1983; and (3) claims arising under the Racketeer Influenced and Corrupt Organizations Act (RICO) of 1970, 18 U.S.C. §§ 1961–68.

The district court granted the defendants' motions to dismiss. It first ruled that the state-court judge had "absolute immunity from civil liability for judicial acts." R. 81; *see also Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) ("Judges are absolutely immune from civil liability for judicial acts, unless committed in the clear absence of all jurisdiction." (quoting *Henriksen v. Bentley*, 644 F.2d 852, 855 (10th Cir. 1981))). Thus, any claims against the judge necessarily failed.

Next, the district court concluded that Wickham failed to plead "any factual allegations that support any claims against *any of the defendants*." R. 81. Although Wickham listed the State, Nowata County, Barnes, Frost, and Sonnenberg as

---

[1] We liberally construe pro se pleadings, but we won't act as Wickham's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

defendants, he failed to make any factual allegations against them—indeed, their names appear only in the case caption and nowhere else in the complaint. Thus, the district court concluded that Wickham failed to state a claim against those defendants.[2] Regarding any possible § 1983 claim against Popp, Towers, or Freeman, the district court stated that Wickham failed to "identif[y] any constitutional right that was violated." *Id.* at 82. Nor did Wickham "assert[] facts plausibly indicating that *any defendant* violated his rights." *Id.* (emphasis added). The district court found that the same was true of Wickham's RICO allegations: he failed to state a plausible claim.

Additionally, the district court concluded that it lacked subject-matter jurisdiction over the claims against the Wickham defendants. Diversity jurisdiction didn't exist because Wickham failed to "identif[y] the citizenship of the individual defendants or otherwise provide[] a single fact to support the existence of complete diversity." *Id.* at 80; *see also* 28 U.S.C. § 1332 (creating diversity jurisdiction over actions between citizens of different states with amount in controversy exceeding $75,000). Further, according to the Wickham defendants' motion to dismiss, Wickham and the Wickham defendants are all citizens of Oklahoma. And the district court noted that Wickham didn't present any facts supporting federal-question jurisdiction: he didn't plead any facts suggesting that the Wickham defendants were

---

[2] The district court also noted that the State was immune from suit. *See* U.S. Const. amend. XI; *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting [s]tates may not be sued by private individuals in federal court.").

state actors subject to § 1983, and his "unsupported references to RICO d[id] not state any colorable claim." R. 81; *see also* § 1331 (creating federal-question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States"). Accordingly, the district court dismissed Wickham's complaint without prejudice. Wickham now appeals.

We review a dismissal for failure to state a claim de novo. *Thomas v. Kaven*, 765 F.3d 1183, 1190 (10th Cir. 2014). We likewise review de novo a dismissal for lack of subject-matter jurisdiction. *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). But in his briefing, Wickham completely fails to challenge any of the district court's rulings. "The first task of an appellant is to explain to us why the district court's decision was wrong. Recitation of a tale of apparent injustice may assist in that task, but it cannot substitute for legal argument." *Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015). Wickham's opening and reply briefs each contain a single page of apparent argument, preceded by several pages of tables of contents and authorities that don't correspond in any way to his argument and appear to be taken from briefs in other, unrelated cases. And in those two pages of apparent argument, Wickham recites "a tale of apparent injustice" rather than explaining "why the district court's decision was wrong." *Id.* He also fails to cite any legal authority, the record, or any part of his complaint. *Cf.* Fed. R. App. P. 28(a)(8)(A) (noting that appellant's brief "must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies").

4

Accordingly, Wickham waived any challenge to the district court's rulings. *See Nixon*, 784 F.3d at 1368 ("It is unfortunately commonplace that an issue on appeal is waived because it is not adequately developed in a party's brief."). We therefore affirm. *See id.* at 1369 (affirming dismissal of plaintiff's claim because "opening brief contain[ed] nary a word to challenge the basis of the dismissal").

Entered for the Court


Nancy L. Moritz
Circuit Judge