**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 25, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

SIDNEY W. CLARK,

    Plaintiff - Appellant,

v.

RON SELLERS; RON HIRST; DANIEL
FRIESEN; RENO COUNTY, KANSAS,
BOARD OF COMMISSIONERS;
AMANDA FLOES; JANE DOE,

    Defendants - Appellees.

No. 23-3156
(D.C. No. 5:23-CV-03187-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BRISCOE**, and **EID**, Circuit Judges.
_____

    This is a pro se civil rights appeal by an inmate in the custody of the Kansas Department of Corrections.  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  As explained below, we affirm the district court's dismissal of this case. Sidney W. Clark fails to state a

_____

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

claim because the defendants to this suit—state court clerks who performed a judicial function—enjoy immunity from a 42 U.S.C. § 1983 suit.

## I.

Sidney W. Clark is currently housed at the state correctional facility in Norton, Kansas. He filed a 42 U.S.C. § 1983 complaint, seeking five million dollars and alleging that clerks of a state court interfered with his access to the courts by refusing to file pro se documents that he submitted for filing in his then-pending criminal case. The clerks had advised they would not file the documents because Clark was represented by counsel and counsel must file all documents on his behalf. The district court dismissed Clark's case for failure to state a due process or court access claim. Among the court's reasons for doing so, it concluded the state court clerks were entitled to absolute immunity because they performed judicial functions. The court also denied Clark's motion to reconsider. This timely appeal followed.

## II.

We review de novo an order dismissing an inmate's case for failure to state a claim. *McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001). The issues Clark raises on appeal each revolve around the district court's conclusion that Clark failed to state a claim in his amended complaint because the defendants—state court clerks who performed a judicial function—have quasi-judicial immunity from 42 U.S.C. § 1983 suits.[1] His claims fail for a simple reason.

---

[1] One unrelated issue that Clark raises on appeal is a challenge to the district court's alternative basis for dismissing Clark's suit. In addition to dismissing this

Tenth Circuit precedent forecloses the § 1983 relief Clark seeks. We have long recognized that court clerks enjoy "derivative" absolute immunity for performing a "judicial function," such as the "filing" of documents like in this case. *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1247 (10th Cir. 2007) (collecting cases). Because Clark's claims each challenge how the defendants managed the filings in his underlying criminal case, the defendants are entitled to judicial immunity. *See id.*; *Fishinghawk v. Kissinger*, 764 F. App'x 827, 828 (10th Cir. 2019) (noting that judges and clerks "whose role forms an integral part of the judicial process are absolutely immune from liability for their judicial acts even if their exercise of authority is flawed by the commission of grave procedural errors." (cleaned up)).

In response, Clark attempts to argue that the defendants here performed ministerial duties, not judicial ones, which renders them liable in an individual personal capacity. True, this Court has recognized that some courts only award qualified immunity to court clerks who perform "ministerial and non-discretionary" tasks as opposed to "quasi-judicial" or "judicial acts." *Henriksen v. Bentley*, 644 F.2d 852, 855–56 (10th Cir. 1981) (citing *McCray v. Maryland*, 456 F.2d 1 (4th Cir. 1972)).

---

case based on the defendants' immunity, the district court concluded that Clark's claims regarding the clerk's office staff also failed because he was not entitled to file pro se documents when represented by counsel. Because this Court affirms based on the ground that the defendants were entitled to absolute immunity, we need not address Clark's argument against the district court's alternative ground for dismissal. *See, e.g.*, *A.M. v. Holmes*, 830 F.3d 1123, 1162 (10th Cir. 2016) (recognizing that "we may affirm on any ground supported by the record").

However, this Court has since weighed in on what clerk functions attain judicial immunity. *See, e.g.*, *Trackwell*, 472 F.3d at 1247 ("In the context of judicial immunity from claims for damages, when a court clerk assists a court or a judge in the discharge of judicial functions, the clerk is considered the functional equivalent of the judge and enjoys derivative immunity."). And here, the state court clerks performed a judicial function—again, one that this Court has already recognized—controlling what filings come before a court. *Id.*

## III.

For these reasons, we AFFIRM the district court's judgment and remind Clark that he remains obligated to make partial payments until his entire appellate filing fee has been paid. *See* 28 U.S.C. § 1915(b)(1).

Entered for the Court

Allison H. Eid
Circuit Judge