**Al BOZNER, Mary Lou Dale, Blaine Keller, Georgia Radosevich, and Ruth Tschanz, Plaintiffs,**

v.

**SWEETWATER COUNTY SCHOOL DISTRICT NUMBER ONE and Don Baumberger, Grant Christensen, Mary Hay Chant, Kay Marschalk, Terry McManus, Robert Ramsey, Kitty Smith, Norma Stensaas, each individually and in his/her capacity as Superintendent/School Board Member of Sweetwater County School District No. One, respectively, Defendants.**

No. 95–CV–269–J.

United States District Court,
D. Wyoming.

July 23, 1996.

---

Karen S. Peterson, Salt Lake City, UT, for plaintiffs.

Tracy J. Copenhaver, Copenhaver, Kath & Kitchen, Powell, WY, for defendants.

### ORDER AND DECISION ON CROSS MOTIONS FOR SUMMARY JUDGMENT

ALAN B. JOHNSON, Chief Judge.

The parties' cross Motions for Summary Judgment came the Court for consideration, having been submitted to the Court upon briefs of the parties. The Court, having considered the file, the motions, the parties' responses one to the other, the materials filed by the parties in support of their respective positions, and being fully advised in the premises, FINDS and ORDERS as follows:

#### Background

The plaintiffs were certified continuing contract employees of the defendant, Sweetwater County School District Number One ("School District" or "District"), who were covered by the 1991–92 Negotiations Agreement between the District and the Sweetwater Education Association ("SEA"). SEA was the bargaining representative of its members in all negotiations with the District concerning the 1991–1992 Negotiations Agreement. Each plaintiff also belonged to SEA. Plaintiffs have asserted in their com-

plaint that the defendants breached an illusory agreement with the plaintiffs, specifically the Early Retirement Incentive Plan of 1991–1992 ("ERI"). The complaint asserts that defendants claimed in late 1991 that the plan was illegal and therefore, the District refused to honor its agreement with plaintiffs and other ERI applicants. Plaintiffs claim the defendants then coerced the SEA to adopt a new Severance Pay Plan near the end of the 1991–92 school year. Plaintiffs assert that the language of the new plan did not rescind, replace, or modify the ERI plan under which the plaintiffs entered into their 1991–92 continuing contracts. Plaintiffs claim they never applied for Severance Pay Plan benefits, but the defendants treated all ERI applicants as if they had applied for Severance Pay Plan benefits instead. Plaintiffs assert that the defendants, claiming a shortfall in funding, awarded Severance Pay Plan benefits to only eight of nineteen applicants, none of whom were plaintiffs, all in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623.

The complaint does not allege any conduct by or facts against any of the individual defendants, either in official or individual capacities. It appears that all allegations against the individual defendants, in any capacity, arise solely out of their official activities as members of the school board or as superintendent of the schools.

Plaintiffs claim that the defendants have willfully violated plaintiffs' civil rights in violation of 42 U.S.C. §§ 1983 and 1988 by exercising discretion in determining which applicants would be awarded benefits. Plaintiffs allege this exercise of discretion is specifically prohibited by federal and state law, as well as rules and regulations governing the ADEA. Plaintiffs contend the refusal to

award bona fide employee benefit plan benefits to plaintiffs violates federal law. Additionally, plaintiffs Bozner and Keller asserted a state claim for promissory estoppel, and rely on 28 U.S.C. § 1367 for the exercise of supplemental jurisdiction by the district court. However, at the initial pretrial conference, counsel for plaintiffs advised there is no claim for promissory estoppel. The defendants generally deny the allegations and affirmatively allege failure to state a claim, immunity, lack of jurisdiction, estoppel and waiver.

In the pending motions for summary judgment, the parties raise various legal issues for consideration, and urge this Court to find there are no material issues of fact and that each is entitled to judgment as a matter of law.[1]

## Standard of Review Motions for Summary Judgment

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits on file, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to summary judgment as a matter of law." The moving party has the burden of showing the absence of a genuine issue concerning any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The moving party's burden may be met by identifying those portions of the record demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining whether these burdens have been met, the court is required to examine all evidence in the light most favorable to the non-moving party. *Barber v.*

1. The Court notes, but has not relied upon or discussed in the following portions of this Order and Decision, that defendants have suggested many of the issues raised in the parties' motions have been raised and considered in a number of other related cases. Counsel for plaintiffs in the instant action was also a teacher who was denied early retirement benefits by the Sweetwater County School District during this same time period. She, as plaintiff, filed suit against the school district and other defendants in several civil actions, including cases filed in Wyoming

District Court, Third Judicial District, Civil Action No. C–93–627; Wyoming District Court, Third Judicial District, Civil Action No. C–94–601, appealed to the Wyoming Supreme Court; and the United States District Court for the District of Wyoming, 95–CV–101D. Although asserting claims on behalf of different plaintiffs with Ms. Peterson acting as their counsel, the above-captioned proceeding is the fourth lawsuit raising the same or similar legal issues as have been considered in the three prior proceedings.

*General Electric Co.,* 648 F.2d 1272 (10th Cir.1981).

Once the moving party has met its initial burden, the burden shifts to the party resisting the motion. That party must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Manders v. Oklahoma ex rel. Dept. of Mental Health,* 875 F.2d 263, 265 (10th Cir.1989) citing *Celotex,* 477 U.S. at 325, 106 S.Ct. at 2553–2554.

## Discussion

### A. Promissory Estoppel

Plaintiffs Bozner and Keller concede, pursuant to the representation of counsel at the initial pretrial conference, that they are not pursuing any state-law based promissory estoppel claims.

### B. ADEA Timeliness Issues

■ One of the initial issues raised by the defendants in the motion for summary judgment concerns the timeliness of plaintiffs' claims and matters involving their contacts with the EEOC. It is a general proposition that an individual who has failed to comply with these requirements will be barred from bringing an action in federal court, absent grounds for equitable tolling. *See e.g., Biester v. Midwest Health Services, Inc.,* 77 F.3d 1264, 1266–1268 (10th Cir.1996) (citing cases; also discusses procedural requirements established by Congress and equitable tolling at length).

■ Here, the evidence is clear that the plaintiffs have failed to comply with the applicable time limitations, in that they have not filed their claims within 300 days of the alleged ADEA violation in March of 1992. Thus, this Court considers the dispositive issue to be whether there are grounds for ﹅ equitable tolling of this period.

The Court has considered the evidence presented by the plaintiffs and is unable to find any evidence to support a finding that this time period has been equitably tolled. There is no evidence at all in the record that suggests any effort by the defendants to actively mislead the plaintiff employees nor is there evidence of the existence of any extraordinary circumstances that would require a finding that the applicable time period has been tolled.

None of the plaintiffs in this instance are incompetent; the facts appear to be quite to the contrary. The evidence shows that plaintiffs sought, but did not receive, the award of early retirement benefits from the School District. As members of the SEA, they were represented by that entity when the School District sought during the school year to renegotiate matters relating to early retirement provisions in the relevant Negotiations Agreement. There is nothing in the record before this Court that shows plaintiffs were unable to proceed on other matters. EEOC notices were posted prominently in the workplace (*see* Exhibit J, Affidavit of Richard Strahorn in Support of Defendants' Motion for Summary Judgment), although plaintiffs contend they did not see or cannot now recall seeing those notices.

The Court has considered *Biester v. Midwest Health Services, Inc.,* 77 F.3d 1264 (10th Cir.1996). In that case, the circuit court stated that equitable exceptions to the time limitations set out in Title VII are narrowly construed. *Biester,* 77 F.3d at 1267. The Tenth Circuit has stated that the limitations period may be tolled where a claimant has been "actively misled." *Id.* There, a claimant was not actively misled where EEOC notices were posted in the work place. Here, plaintiffs have not asserted any exceptional circumstances; there is no claim that any plaintiff has been adjudged incompetent or institutionalized. It is readily apparent that each plaintiff was capable of pursuing his or her own claim. The Court concludes that the evidence in this case is not sufficient to find that the applicable limitations period should be equitably tolled.

The complaint in this action was filed November 24, 1995. A letter dated January 15, 1996, from counsel for plaintiffs, Ms. Peterson, to Francisco J. Flores, Jr., District Director of the EEOC, asserted:

Unfortunately, none of my clients had any prior knowledge of the necessity to file a claim with the EEOC until I took on their representation and obviously no one

had done so. Also, unfortunately, this violation took place in 1992, three and a half years ago. Although my clients failed to file a complaint with the State (Wyoming) commission as well, Wyoming is not a deferral state and none of the statutory language *requires* exhaustion of the State administrative remedies first. Fortunately, Defendant has not yet answered and I need a right to sue letter from EEOC as soon as possible.

Plaintiffs' Appendix D, Exhibit 1.

Notices of Charge of Discrimination with the EEOC dated February, 1996, alleging violations of the ADEA occurring in March of 1992, were filed on behalf of each of the plaintiffs in this action.[2] Plaintiffs' Appendix D, Exhibit 2. Each of the plaintiffs received right-to-sue letters in February of 1996.[3] Plaintiffs' Appendix D, Exhibit 3. The right-to-sue letters are identical, stating:

> This is to inform you that the Commission has terminated its investigation of the above-referenced case under the Age Discrimination in Employment Act (ADEA), of 1967, as amended, because the matter is in private litigation.
>
> The fact that the Commission will take no further action does not affect your rights to take legal action on your own behalf. If you filed your charge within 180 days of the alleged discrimination (300 days in states with a state age discrimination law), you may file a lawsuit **within 90 days of the date you receive this letter.** You may sue for recovery of backpay, an equal amount as liquidated damages, appropriate make-whole relief or injunctive relief, and attorney's fees and court costs. **Once 90 days have passed from your receipt of this letter, your right to sue is lost.**

(emphasis in original).

In their depositions, the plaintiffs each acknowledged that they knew on April 27 or April 28, 1992 that their requests for early

retirement had been denied. There simply is no evidence suggesting that they should be excused from the 300 day filing requirement for asserting claims under the ADEA. Pursuant to 29 U.S.C. § 626(d)(2), a plaintiff is required to file a charge of discrimination with the EEOC, within three hundred days from the alleged discriminatory act. This Court further finds that there are no grounds that would justify a finding that this time limit should be equitably tolled. Accordingly, this Court finds that the plaintiffs' ADEA claims are barred and should be dismissed for failure to timely comply with the 300-day notice requirements. Notwithstanding this finding, the Court will proceed to address the substance of plaintiffs' claims.

### C. Section 1983 claims

■ Plaintiffs' Section 1983 claims are premised on the notion that federal law prohibits any employer from having any policy which grants the employer the discretion to either approve or disapprove applications for benefits, such as their applications for early retirement benefits. They claim this violates the ADEA and that the exercise of such discretion is specifically prohibited by governing ADEA regulations.

Contrary to plaintiffs' assertions, this Court has discovered no law that precludes an employer from exercising discretion in the award of employee benefits pursuant to policies adopted by that governmental entity-employer. Plaintiffs rely on 29 U.S.C. § 623(f), which provides, in part:

> **(f) Lawful practices; age an occupational qualification; other reasonable factors; laws of foreign workplace; seniority system; employee benefits plans; discharge or discipline for good cause**

It shall not be unlawful for an employer, employment agency, or labor organization—

---

2. Notices for each plaintiff are dated: Bozner—2-5-96, most recent alleged violation—March 9, 1992; Dale—2-5-96, most recent alleged violation—March 9, 1992; Keller—2-5-96, most recent alleged violation—March 9, 1992; Radosevich—2-5-96, most recent alleged violation—March 9, 1992; Tschanz—2-5-96, most recent alleged violation—March 9, 1992.

3. The right to sue letter for each plaintiff is dated as follows: Bozner—February 8, 1996; Dale—February 8, 1996; Keller—February 7, 1996; Radosevich—February 8, 1996; Tschanz—February 8, 1996.

(1) to take any action otherwise prohibited under subsections (a), (b), (c), or (e) of this section where age is a bona fide occupational qualification reasonably necessary to the normal operation of the particular business, or where the differentiation is based on reasonable factors other than age, or where such practices involve an employee in a workplace in a foreign country, and compliance with such subsections would cause such employer, or a corporation controlled by such employer, to violate the laws of the country in which such workplace is located;

(2) to take any action otherwise prohibited under subsection (a), (b), (c), or (e) of this section—

(A) to observe the terms of a bona fide seniority system that is not intended to evade the purposes of this chapter, except that no such seniority system shall require or permit the involuntary retirement of any individual specified by section 631(a) of this title because of the age of such individual; or

(B) to observe the terms of a bona fide employee benefit plan—

(i) where, for each benefit or benefit package, the actual amount of payment made or cost incurred on behalf of an older worker is no less than that made or incurred on behalf of a younger worker, as permissible under section 1625.10 title 29, Code of Federal Regulations (as in effect on June 22, 1989); or

(ii) that is a voluntary early retirement incentive plan consistent with the relevant purpose or purposes of this chapter.

Notwithstanding clause (i) or (ii) of subparagraph (B), no such employee benefit plan or voluntary early retirement incentive plan shall excuse the failure to hire any individual, and no such employee benefit plan shall require or permit the involuntary retirement of any individual specified by section 631(a) of this title, because of the age of such individual. An employer, employment agency, or la-

bor organization acting under subparagraph (A), or under clause (i) or (ii) of subparagraph (B), shall have the burden of proving that such actions are lawful in any civil enforcement proceeding brought under this chapter; or

(3) to discharge or otherwise discipline an individual for good cause.

Title 42 U.S.C. § 1983 is a broadly written statute. It provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or any other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

■ Courts state consistently that Section 1983 does not grant any substantive rights; it provides a mechanism for the vindication of federal constitutional or statutory violations by persons acting under color of state law. Section 1983 provides that any person who acts under color of state law to deprive a citizen of any rights, privileges, or immunities secured by the United States Constitution and laws, is liable to the injured party. 42 U.S.C. § 1983. The purpose of Section 1983 is to deter state actors from using the badge of their state authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole,* 504 U.S. 158, 161–163, 112 S.Ct. 1827, 1830, 118 L.Ed.2d 504 (1992), citing *Carey v. Piphus,* 435 U.S. 247, 254–257, 98 S.Ct. 1042, 1047–1048, 55 L.Ed.2d 252 (1978).

■ As to each of the individual defendants, there are no allegations that any of them acted to deprive plaintiffs of federally protected rights. Plaintiffs make no allegations as to the conduct of any of the indi-

vidual defendants, including defendants Baumberger, Christensen, Chant, Marschalk, McManus, Ramsey, Smith, and Stensaas. To the extent that the complaint purports to state claims against the individual defendants personally, the Section 1983 claim fails.

■ To the extent that the complaint in this case seeks relief from the Superintendent of Schools and the Board Members of Sweetwater County School District Number One in their official capacities, the Court offers the following observations. The only way the School District may act is through its board of trustees. A school district can be found liable in a civil rights action based on unconstitutional action taken by its board of trustees and is not an arm of the state entitled to Eleventh Amendment immunity. *Stoddard v. School District No. 1, Lincoln County, Wyoming,* 590 F.2d 829, 834–35 (10th Cir.1979) (citing *Monell v. New York City Dep't of Social Serv.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), in which Supreme Court held that 'local government' may constitute a person under 42 U.S.C. § 1983). The defendants in this case include the Board Members of the Sweetwater County School District Number One, who are the individuals entrusted to act on behalf of the School district. *See also Teton Plumbing and Heating, Inc. v. Board of Trustees, Laramie County School District Number One,* 763 P.2d 843, 847 (Wyo.1988) ("a school district may be a 'person' acting under color of state law"); *Ambus v. Granite Board of Educ.,* 995 F.2d 992, 994 (10th Cir.1993) (stating that, unless Utah school districts are "arms of the State" for Eleventh Amendment purposes, they will be amenable to suits for damages in federal court under § 1983 and finding schools districts and local school boards are not so controlled by the state as to be arms of the State).

Having made that determination, the Court then must consider whether the elements of a § 1983 claim have been established. These elements are:

"(1) that the conduct complained of was engaged in under color of state law, and (2) that such conduct subjected the plaintiffs to a deprivation of rights, privileges, or immunities secured by the Constitution and the Laws of the United States."

*Teton Plumbing and Heating, Inc. v. Board of Trustees, Laramie County School District Number One,* 763 P.2d at 847.

The Court finds that plaintiffs have not fulfilled the burden of proving the elements of their § 1983 claim. As noted earlier, the complaint asserts a claim for violations of federal law governing the ADEA, specifically relating to payments and distributions made pursuant to bona fide employee benefits plans. Contrary to plaintiffs' contentions, no violations of federal law has been discerned by this Court which would support their rather tenuous § 1983 claims.

The documents and materials provided in support of the complaint and in resistance to the pending dispositive motions, which have been thoroughly and carefully reviewed by the Court, do not demonstrate anything more than the proper exercise of discretion by the District. That discretion was exercised pursuant to the terms of the parties' written agreements. The terms of that agreement were achieved during negotiations between the School District and the SEA and were used to determine which applicants would receive early retirement benefits that were payable out of a limited fund of money that was apparently insufficient to provide an award of benefits to all applicants.

The plaintiffs have argued that the School District had never exercised its discretion so as to deny any applicant the award of early retirement benefits and that its established policy was, in fact, not to exercise its discretion even though the underlying Negotiations Agreement between the District and the SEA provided for the exercise of such discretion by the District. The Court rejects this notion out of hand. There is no evidence before the Court that suggests there is any established policy, pattern or practice of any of the defendants, including the Board of Sweetwater County School District Number One, its Board members and the Superintendent, relating to or concerning the payment and distribution of early retirement benefits, as alleged by plaintiffs in their complaint.

In the complaint, plaintiffs set out sweeping allegations asserting acts by all defendants which possibly could be viewed as conspiratorial in nature. However, "[m]ere characterization of defendants' conduct as conspiratorial or unlawful does not set out allegations upon which relief can be granted." *Thompson v. Aland,* 639 F.Supp. 724, 729 (N.D.Tex.1986). In cases invoking 42 U.S.C. § 1983, a plaintiff must state specific factual allegations and not merely conclusory allegations. *Id.* To state a claim for relief under § 1983, a plaintiff:

> must show that he has been deprived of any rights, privileges, or immunities secured by the Constitution and laws and that the defendant acted under color of state law. In *Brown v. Chaffee,* 612 F.2d 497, 501 (10th Cir.) (quoting *Monroe v. Pape,* 365 U.S. 167, 184, 81 S.Ct. 473, 482, 5 L.Ed.2d 492), we held that:
>
>> "Acting under color of state law as required by section 1983 is defined as the '[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' "

*Pitts v. Turner and Boisseau, Chartered,* 850 F.2d 650, 653 (10th Cir.1988). Here, plaintiffs' complaint does not contain factual allegations of conduct by any of the defendants that supports a legitimate claim under 42 U.S.C. § 1983. The allegations are conclusory, full of invective and vitriol, and are not sufficient under § 1983.

Because the foregoing provisions of this Order are dispositive, the Court declines the invitation to visit other issues that have been raised by the parties in their moving papers.

Accordingly, and for the foregoing reasons, this Court finds that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law. It is therefore

**ORDERED** that the plaintiffs' Motion for Summary Judgment shall be, and is, **DE-NIED.** It is further

**ORDERED** that the defendants' Motion for Summary Judgment shall be, and is, **GRANTED.**

**JUDGMENT SHALL BE ENTERED ACCORDINGLY.**

### *JUDGMENT*

This action came before the Court upon the parties' cross motions for summary judgment. The Court found that there is no genuine issue as to any material fact and that the defendants, Sweetwater County School District Number One and Don Baumberger, Grant Christensen, Mary Hay Chant, Kay Marschalk, Terry McManus, Robert Ramsey, Kitty Smith, Norma Stensaas, each individually and in his/her capacity as Superintendent/School Board Member of Sweetwater County School District No. One, are entitled to judgment as a matter of law, as set forth in the Court's Order and Decision on Cross Motions for Summary Judgment. It is therefore

**ORDERED, ADJUDGED, AND DE-CREED** that the plaintiffs, Al Bozner, Mary Lou Dale, Blaine Keller, Georgia Radosevich, and Ruth Tschanz, recover nothing of defendants, Sweetwater County School District Number One and Don Baumberger, Grant Christensen, Mary Kay Chant, Kay Marschalk, Terry McManus, Robert Ramsey, Kitty Smith, Norma Stensaas, each individually and in his/her capacity as Superintendent/School Board Member of Sweetwater County School District No. One, and that judgment be, and hereby is, entered in favor of defendants, Sweetwater County School District Number One and Don Baumberger, Grant Christensen, Mary Hay Chant, Kay Marschalk, Terry McManus, Robert Ramsey, Kitty Smith, Norma Stensaas, each individually and in his/her capacity as Superintendent/School Board Member of Sweetwater County School District No. One.