**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 13 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SHERRIE KIESLING,

     Plaintiff - Appellant,

v.

JOHN D. TROUGHTON, Third
Judicial District Judge for Lincoln
County; ROBERT M. McCLOUD,
Third Judicial District Clerk of
Lincoln County; LYNN W. CLARK,
Lincoln County Sheriff; TIM MALIK,
Lincoln County Deputy Sheriff;
KATHLEEN DAVISON; CLYDE
GEPHART; ROBERT MURDOCK,
Lincoln County Commissioners,

    Defendants - Appellees.

No. 95-8048
(D.C. No. 94-CV-245)
(District of Wyoming)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **BALDOCK** and **LUCERO**, Circuit Judges.

---

[*]The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

In early 1993, plaintiff-appellant Sherrie Kiesling became embroiled in a child custody dispute with her husband, Lindig Kiesling.[1] Following a series of state court proceedings, Judge John D. Troughton of the Third Judicial District Court of Wyoming concluded that appellant was willfully violating orders of the Court, and was hiding and secreting her children from Mr. Kiesling. Appellees' App. at 65-66. In accordance with that finding, Judge Troughton ordered the Lincoln County Sheriff's Office to take the four children into custody and deliver them to their father. Id. at 66.

Upon observing appellant and her children in Afton, Wyoming, sheriff's deputies attempted to execute Judge Troughton's order. Appellant failed to cooperate with the officers' requests, attempted to elude them by speeding away, and did not bring her vehicle to a halt until boxed-in by patrol cars. Appellant's noncompliance with subsequent police requests resulted in a brief struggle and, ultimately, in her being placed under arrest.[2]

The foregoing events led appellant to file the underlying action in federal district court, wherein she alleges numerous constitutional and statutory

---

[1]Because we are called upon to review the district court's entry of summary judgment, we recite only those facts which are uncontroverted.

[2]This incident resulted in the filing of criminal charges against appellant, including Interference With Custody, Interference With a Peace Officer, and Fleeing a Peace Officer. Appellees' App. at 84. Pursuant to a negotiated disposition, Ms. Kiesling entered a plea of nolo contendere to one count of Interference With Custody, and entered the same plea to one count of Interference with a Peace Officer. Id.

violations.[3]  Judge William Downes of the United States District Court for the District of Wyoming on several occasions urged Ms. Kiesling to seek the advice of counsel.  She failed to do so, however, and instead "engaged in a course of unbridled lawlessness throughout [the] proceedings."[4]  Appellees' App. at 152. Defendants sought summary judgment in both their official and individual capacities.  The district court granted that motion.  We exercise jurisdiction under 28 U.S.C. § 1291.  We affirm.

Defendants supported their motion for summary judgment with briefs and affidavits.  Appellant opted not to file a written response or otherwise supplement her pleadings.  We review the district court's grant of summary judgment de novo.  Webber v. Mefford, 43 F.3d 1340, 1342 (10th Cir. 1994).  Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "If a movant establishes his entitlement to judgment as a matter of

_____

[3]Appellant alleges that defendants violated 42 U.S.C. §§ 1983, 1985, 1986, 1988, as well as her rights under the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution.  Her complaint seeks a panoply of remedies, including compensatory and punitive damages, attorney's fees, costs of suit, and various forms of declaratory and injunctive relief.

[4]Appellant repeatedly refused to accept correspondence or otherwise meaningfully participate in the federal court proceedings.  For example, she inscribed the following on defendants' motion for summary judgment: "Return to Sender.  Refused for Cause w/out Dishonor.  UCC 3-501 not corporate person described."  Appellees' App. at 151-152.

law based on uncontroverted, operative facts contained in the documentary evidence, summary judgment will lie." Webber, 43 F.3d at 1343.

"Judges are absolutely immune from civil liability for judicial acts, unless committed in the clear absence of all jurisdiction." Henriksen v. Bentley, 644 F.2d 852, 855 (10th Cir. 1981). The district court found that Judge Troughton's actions were within his official capacity and scope of authority, and consequently concluded he was entitled to judicial immunity. Appellant advances no evidence which would support a contrary result, and we decline to disturb the district court's ruling. Similar immunity principles support the court's grant of summary judgment in favor of Clerk Robert McCloud. See id. (clerks immune from suit under § 1983 when performing "quasi-judicial" duties).

We next address Ms. Kiesling's claims against defendant Malik. Appellant asserts that deputy Malik falsely arrested her and used excessive force in doing so. A claim of false arrest is premised on a lack of probable cause. Cottrell v. Kaysville City, 994 F.2d 730, 733 (10th Cir. 1993). The uncontroverted evidence establishes that Malik arrested appellant only after she refused to cooperate with legitimate police requests and assaulted his partner. Appellees' App. at 98. Under these circumstances, deputy Malik had probable cause to arrest appellant. With respect to Ms. Kiesling's excessive force claim, the relevant inquiry is

whether the arresting officer's actions were objectively reasonable. See <u>Graham</u>

<u>v. Connor</u>, 490 U.S. 386, 397 (1989). As the Supreme Court has explained,

> the "reasonableness" of a particular use of force must be judged from the
> perspective of a reasonable officer on the scene, rather than with the 20/20
> vision of hindsight . . . . With respect to a claim of excessive force . . .
> [n]ot every push or shove, even if it may later seem unnecessary in the
> peace of a judge's chambers . . . violates the Fourth Amendment. The
> calculus of reasonableness must embody allowance for the fact that police
> officers are often forced to make split-second judgments—in circumstances
> that are tense, uncertain, and rapidly evolving—about the amount of force
> that is necessary in a particular situation.

<u>Id.</u> at 396-397 (internal citations and quotations omitted). Relevant factors in

determining whether the force used by an arresting officer was objectively

reasonable include the severity of the crime, whether the subject posed an

immediate threat to the safety of the officer, and whether the subject was resisting

arrest. See <u>Wilson v. Meeks</u>, 52 F.3d 1547, 1553 (10th Cir. 1995).

The uncontroverted facts before us establish that appellant failed to comply

with police requests, initiated a car chase, attempted to elude the officers, failed

to stop her vehicle until boxed-in by patrol cars, and physically resisted arrest by

striking and kicking a deputy. Thus, we perceive no basis for concluding that

deputy Malik—or any other officer at the scene—acted in a constitutionally

impermissible manner during appellant's arrest. We therefore decline to overturn

the district court's entry of summary judgment as to defendant Malik. Appellant's

claims against sheriff Clark are premised upon Clark's alleged failure to train and

properly supervise his deputies. Given our review of deputy Malik's actions, we are unable to detect any improper training or supervision.

Lincoln County Commissioners Davison, Gephart and Murdock were also joined as defendants in appellant's suit. If liberally construed, Ms. Kiesling's complaint alleges that these defendants are liable—as representatives of Lincoln County—for condoning and ratifying the policies under which her Fourth Amendment violations arose. This court has held that a supervisor is not liable under § 1983 unless there is an affirmative link between the constitutional deprivation and the supervisor's exercise of control or direction, his personal participation, or his failure to supervise. See Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 1988). The record before us contains no evidence indicating that appellant suffered a constitutional deprivation, nor is there evidence the Lincoln County Commissioners could be liable under the Meade standard. Consequently, we affirm summary judgment in their favor.

Upon careful consideration of the record, the briefs of the parties, the district court's order, and applicable law, we find appellant's additional claims and arguments to be without merit.

AFFIRMED.  The mandate shall issue forthwith.

ENTERED FOR THE COURT

PER CURIAM