F I L E D
United States Court of Appeals
Tenth Circuit

APR 9 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

AL BOZNER, MARY LOU DALE,
BLAINE KELLER, GEORGIA
RADOSEVICH and RUTH
TSCHANZ,

          Plaintiffs-Appellants,

v.

SWEETWATER COUNTY SCHOOL
DISTRICT NUMBER ONE, DON
BAUMBERGER, GRANT
CHRISTENSEN, MARY HAY
CHANT, KAY MARSCHALK,
TERRY MCMANUS, ROBERT
RAMSEY, KITTY SMITH and
NORMA STENSAAS, each
individually and in his/her capacity as
Superintendent/School Board Member
of Sweetwater County School District
No. One, respectively,

          Defendants-Appellees.

No. 96-8087
(D.C. No. 95-CV-269)
(D. Wyo.)

---

ORDER AND JUDGMENT[*]

---

Before BALDOCK, EBEL, and LUCERO, Circuit Judges.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiffs-appellants Al Bozner, Mary Lou Dale, Blaine Keller, Georgia Radosevich, and Ruth Tschanz were certified continuing contract employees of defendant-appellee Sweetwater County School District Number One (the district). tThcy sued the district, the superintendent of schools, and individual members of the district's board of trustees (the board), claiming that the district's denial of their requests for early retirement benefits gave rise to claims under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-34, and 42 U.S.C. § 1983.

The parties filed cross motions for summary judgment. On July 23, 1996, the district court granted defendants' motion for summary judgment. We exercise jurisdiction over the judgment of the district court, pursuant to 28 U.S.C. § 1291,[1]

---

[1]     Plaintiffs filed a notice of appeal on September 3, 1996. After the district court granted defendants' motion for attorneys' fees and costs on September 11, 1996, plaintiffs did not file a new or supplemental notice of appeal. Although the parties have briefed issues relating to the award, we have no jurisdiction over these issues and do not reach them. See Utah Women's Clinic, Inc. v. Leavitt, 75 F.3d 564, 568-69 (10th Cir. 1995), cert. denied, 116 S. Ct. 2551 (1996); see also 16A Charles A. Wright et al., Federal Practice and Procedure § 3949.4 at 65-66 (2d ed. 1996).

and affirm for substantially the same reasons stated in the district court's comprehensive order and decision, reported as <u>Bozner v. Sweetwater County School Dist. Number One</u>, 935 F. Supp. 1230 (D. Wyo. 1996).

**BACKGROUND**

During the 1991-92 school year, plaintiffs applied for benefits under the district's Early Retirement Incentive Plan, which, since 1983, had been incorporated annually into the negotiations agreement between the district and the Sweetwater Education Association (SEA), plaintiffs' bargaining representative. The plan provided that a teacher or administrator with ten years of credited service with the district, and who was between the age of fifty and sixty-five, could apply for early retirement benefits. The benefits were calculated on a percentage of the applicant's salary, with the percentage decreasing as the age of the applicant increased. Under the plan, the board maintained discretion to accept or deny any request from an applicant who had not reached age sixty-five. Before the 1991-92 school year, the board had approved all applications for benefits.

In the fall of 1991, the district's attorney advised the board that the rate schedule was discriminatory, and could be considered a violation of the ADEA, as amended by the Older Workers Benefit Protection Act of 1990, Pub. L. No. 101-433, 104 Stat. 978. The board and the SEA agreed to reopen negotiations to resolve the ADEA concern. At a meeting held March 9, 1992, board members

stated that they felt that the plan was illegal and that, in good faith, they could not approve of any request for early retirement. Shortly after that, the board and the SEA agreed to revise the plan by removing the discriminatory rate schedule.

The board and the SEA continued their negotiations to decide the uniform rate on which to base the benefits. Both parties realized that budgeted funds were inadequate to fund all the submitted early retirement requests at the highest rate under the old schedule. The board suggested rates from 55% (under which all applicants could receive benefits) to 90% (under which two-thirds of the applicants could receive benefits). The SEA requested the rate of 118%, knowing that this rate would allow funding of fewer than half the applicants. The board agreed to the SEA proposal. On April 13, 1992, the board and the SEA ratified the revised plan.

The revised plan did not supply a method for choosing between applicants. Instead, it gave the board discretion to permit or limit participation in the plan. Upon consideration of the number of applicants, the terms of the revised plan, and the limited amount of funds, the board decided to approve benefits for the applicants with the highest total of years in service plus years of age.

By April 28, 1992, plaintiffs knew that their requests for early retirement had been denied. They filed this lawsuit on November 24, 1995, and filed charges of discrimination with the Equal Employment Opportunity Commission

(EEOC) on January 15, 1996. The EEOC issued right-to-sue letters in February 1996.

## DISCUSSION

We review a grant of summary judgment de novo. We first consider if there is a genuine issue of material fact in dispute; if not, we then determine if the district court correctly applied the substantive law. Clajon Prod. Corp. v. Petera, 70 F.3d 1566, 1571 (10th Cir. 1995).

### A.    THE ADEA CLAIM

The ADEA requires a plaintiff to file an age discrimination charge with the EEOC within 300 days after the alleged discriminatory act occurred. 29 U.S.C. § 626(d)(2).[2] Plaintiffs assert that their cause of action arose in March 1992, when the board decided to delay its consideration of early retirement requests. They admit that they filed their charges with the EEOC more than two years after the time limitation expired, but argue that they are entitled to equitable tolling of the statutory time limit.

In Hulsey v. Kmart, Inc., 43 F.3d 555 (10th Cir. 1994), we summarized the requirements for equitable tolling of ADEA time limits:

---

[2]    The 300-day limitation applies in those states, like Wyoming, that have statutorily prohibited discrimination. See Aronson v. Gressly, 961 F.2d 907, 910-11 (10th Cir. 1992). Otherwise, the limit is 180 days. 29 U.S.C. § 626(d).

It is well settled that equitable tolling of the ADEA is appropriate only where the circumstances of the case rise to the level of active deception where a plaintiff has been lulled into inaction by [a] past employer, state or federal agencies, or the courts. When such deception is alleged on the part of an employer, the limitations period will not be tolled unless an employee's failure to timely file results from either a deliberate design by the employer or actions that the employer should unmistakably have understood would cause the employee to delay filing [a] charge.

Id. at 557 (citations, internal ellipses and quotation marks omitted); see also

Biester v. Midwest Health Servs., Inc., 77 F.3d 1264, 1269 n.2 (10th Cir. 1996)

(noting in a Title VII case that "extraordinary circumstances" are "necessary to

justify equitable tolling under established Tenth Circuit precedent.").

Plaintiffs in this action were not deceived, lulled into inaction, or prevented

from asserting their rights in some extraordinary way. The district's alleged

failure to post EEOC-approved notices is insufficient reason to invoke the

doctrine of equitable tolling. Moreover, there are no other circumstances which

convince us that the time limitation should be extended for plaintiffs. The district

court correctly decided that plaintiffs' ADEA claim was time-barred.

Even if we considered the substance of the claim, we would affirm the

district court's grant of summary judgment. Plaintiffs assert that the district

violated the ADEA in March 1992, when the district declined to accept their

applications for early retirement under the terms of the pre-revised plan. For

authority, they rely entirely on one clause in 29 C.F.R. § 1625.10(b), one of the

-6-

regulations issued by the EEOC to implement the ADEA, as amended by the Older Workers Benefit Protection Act.  The cited clause, which states that a discriminatory plan "must actually provide the benefits its provisions describe," provides no support for plaintiffs' claim.

It is elementary that the ADEA prohibits discrimination based on age.  See 29 U.S.C. § 623(a).  However, a "bona fide employee benefit plan" with discriminatory features can be legal, see 29 U.S.C. § 623(f)(2)(B), if it is not a "subterfuge to evade the purposes" of ADEA, see 29 C.F.R. § 1625.10(d).  Thus, an early retirement plan that provides for lower benefits to older employees on account of age may fit within this exception if the reduced benefit amount can be justified by significant cost considerations.  See 29 C.F.R. § 1625.10(a)(1).

The clause cited by plaintiffs is a fragment of a regulation delineating the scope of the exception for a discriminatory, but bona fide, employee benefit plan. The regulation does not apply to a nondiscriminatory plan.  See 29 C.F.R. § 1625.10(c).  If the plan "provides the same level of benefits to older workers as to younger workers, there is no violation" of the general prohibition against age discrimination, and "the practice does not have to be justified" as an exception. 29 C.F.R. § 1625.10(a)(2).

Contrary to plaintiffs' assertions, the regulation is not authority for the proposition that the ADEA requires an employer to maintain a discriminatory plan

and to provide benefits under the plan.  Defendants did not discriminate against plaintiffs on the basis of age and, accordingly, did not violate the ADEA.

**B.     THE § 1983 CLAIM**

Based on the same theory of age discrimination, plaintiffs also claim that defendants discriminated against them in violation of 42 U.S.C. § 1983.  Section 1983 itself does not create any substantive rights.  It merely provides relief against those who, acting under color of law, violate federal rights created elsewhere.  Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979).  As the district court correctly stated, plaintiffs have not established a violation of federal law and, therefore, have not supported their § 1983 claim.  Summary judgment was the proper disposition of the claim.

### CONCLUSION

Defendants' motion for attorneys' fees and costs associated with responding to plaintiffs' motion for a stay is denied to the extent it requests an award of attorneys' fees and granted to the extent it requests costs.  The judgment of the United States District Court for the District of Wyoming is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge